> The Court declines the Plaintiff's request for an advisory opinion. The Plaintiff should note that the Local Rules do not stay discovery as implied in the motion. Further, there is nothing in Rule 4(f)(3) that requires the Court authorization.
>
> *Waverly D. Crenshaw, Jr.*
> US District Judge

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| MAGBAG LLC, | Case No.: 3:25-CV-01376 |
| Plaintiff, | |
| v. | Judge: Waverly D. Crenshaw, Jr. |
| | Magistrate Judge: Barbara D. Holmes |
| THE ENTITIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS LISTED ON SCHEDULE A, | **JURY DEMAND** |
| Defendants. | |

### PLAINTIFF'S EX PARTE MOTION FOR CLARIFICATION OF THE COURT'S DECEMBER 23, 2025 TEMPORARY RESTRAINING ORDER AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff MagBag LLC ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 7(b), respectfully moves for clarification of the Court's December 23, 2025, Temporary Restraining Order (Doc. No. 19) (the "TRO" or "Order"). Clarification is urgently needed to permit Plaintiff to ensure the relief granted in the TRO is effective.

The Court granted Plaintiff's request for a TRO to enjoin Defendants' infringing conduct and freeze their assets, finding that such relief was necessary to maintain the status quo. *Id.* at 2–3. The Court also scheduled a show cause hearing for January 6, 2026, for Defendants to address why a preliminary injunction should not issue. *Id.* at 3.

However, the Order also stated that "affirmative relief sought by Plaintiff is denied as premature." *Id.* Plaintiff is unable to determine whether the Court's ruling on this point should be read to pertain to Plaintiff's requests for expedited discovery (including leave to serve third-party subpoenas) and for authorization to use alternative means of service of process on the anonymous and foreign-based Defendants. Plaintiff is therefore uncertain whether the Court's