UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MAGBAG LLC, | Case No.: 3:25-CV-01376 |
| Plaintiff, | |
| v. | Judge: Waverly D. Crenshaw, Jr. |
| | Magistrate Judge: Barbara D. Holmes |
| THE ENTITIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS LISTED ON SCHEDULE A, | |
| Defendants. | **JURY DEMAND** |

**PLAINTIFF'S EX PARTE MOTION TO EXTEND TEMPORARY RESTRAINING ORDER AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff MagBag LLC ("Plaintiff"), by and through its undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 65(b)(2), for an extension of the *Ex Parte* Temporary Restraining Order ("TRO") entered in this matter on December 23, 2025 (Doc. No. 19).

**I.     INTRODUCTION**

On December 23, 2025, this Court entered a TRO restraining Defendants' infringing activities, freezing certain assets, and scheduling a show cause hearing for January 6, 2026, regarding Plaintiff's request for a preliminary injunction. (Doc. No. 19).

Immediately upon the Court's entry of the TRO, Plaintiff began diligently working to identify and serve the anonymous Defendants. This has involved coordinating with the numerous third-party e-commerce platforms and payment processors that facilitate Defendants' counterfeiting operations.

The process of obtaining information from these third parties, however, is not instantaneous. While Plaintiff has proactively pursued this information, the platforms require

time to process legal requests, identify the relevant account holders from among millions of users, and produce the necessary data. To date, some platforms have started to provide information, but many have not yet fully responded. As a result, Plaintiff has not yet obtained sufficient identifying and contact information to perfect service of the Summons, Complaint, and this Court's Order on the vast majority of Defendants.

Without an extension, the TRO will expire before Defendants can be properly served and provided with constitutionally adequate notice of the preliminary injunction hearing. No party will be prejudiced by a brief extension; it will merely preserve the status quo that the Court intended to maintain, protect Plaintiff from ongoing irreparable harm, and allow for the orderly progression of this case. For these reasons, and because all conditions that justified the initial *ex parte* relief continue to exist, good cause warrants an extension of the TRO and a corresponding rescheduling of the show cause hearing.

## II. ARGUMENT

### A. Standard for Extension of a Temporary Restraining Order

Federal Rule of Civil Procedure 65(b)(2) provides that a TRO issued without notice may be extended for an additional period not to exceed 14 days if "the party who obtained the order shows good cause." Fed. R. Civ. P. 65(b)(2). The court may grant such an extension before the original TRO expires. *Id.* "Good cause" is a flexible standard that encompasses situations where the grounds for the TRO continue to exist and the movant, despite its diligence, requires more time to effectuate service and prepare for a preliminary injunction hearing due to circumstances beyond its control.

### B. Good Cause Exists for the Requested Extension

Good cause overwhelmingly supports an extension of the TRO. Plaintiff has acted with diligence, but the practical realities of identifying and serving hundreds of anonymous, foreign-

based counterfeiters through third-party discovery have made it impossible to complete service before the January 6, 2026, hearing.

First, Plaintiff has been diligent in its efforts to identify and serve Defendants. Immediately following the issuance of the TRO on December 23, 2025, Plaintiff began requesting Defendants' contact information from the third-party platforms (e.g., Alibaba, Amazon, eBay, Temu) and payment processors that possess it. This is a necessary prerequisite to any form of service. However, these third parties require a reasonable period to review and comply with such legal process. The time required for their compliance is a circumstance beyond Plaintiff's control. While some platforms have started to produce responsive documents, many have not. Consequently, Plaintiff has not yet been able to serve the Doe Defendants with notice of the TRO and the upcoming hearing.

Second, all the underlying reasons that necessitated *ex parte* relief and the issuance of the TRO remain fully in effect. Defendants are engaged in widespread trademark, design patent, and copyright infringement, causing ongoing irreparable harm to Plaintiff's intellectual property rights and goodwill. (Doc. No. 19, at 1–2). There remains a significant risk that, if the TRO lapses before Defendants can be served and their assets effectively restrained, they will dissipate those assets, destroy evidence, and resume their infringement under new aliases, thereby frustrating the Court's ability to grant meaningful final relief.

### C.  The Requirements for Injunctive Relief Continue to Be Met

The Court previously found that Plaintiff satisfied all requirements for injunctive relief: (1) a strong likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in Plaintiff's favor; and (4) that an injunction is in the public interest. (Doc. No. 19). These findings remain valid and undiminished. The circumstances supporting the initial grant of the TRO have not changed, and

the need to prevent Defendants' ongoing infringing activities and to preserve assets remains acute.

### III. PROPOSED EXTENSION AND RESCHEDULING OF HEARING

To allow Plaintiff sufficient time to receive discovery responses, perfect service on Defendants, and provide Defendants with adequate notice and an opportunity to respond, Plaintiff respectfully requests that the Temporary Restraining Order (Doc. No. 19) be extended for an additional fourteen (14) days from the date of its expiration.

Plaintiff also respectfully requests that the Show Cause Hearing currently scheduled for January 6, 2026, be rescheduled to occur on or after January 20, 2026, to allow for service to be completed and to provide all parties with adequate time to prepare.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff MagBag LLC respectfully requests that the Court:

1. Grant this Motion to Extend the Temporary Restraining Order;
2. Extend the Temporary Restraining Order (Doc. No. 19) for an additional fourteen (14) days; and
3. Reschedule the Show Cause Hearing to January 20, 2026, or a date thereafter convenient for the Court.

Dated: January 5, 2026

Respectfully submitted,

*/s/ G. Edward Powell III*

Chanelle R. Acheson (TN BPR #30008)
W. David Bridgers (TN BPR #16603)
G. Edward Powell III (CA Bar #324530)
**Waddey Acheson LLC**
1030 16th Ave S, Suite 300
Nashville, TN 37212
615-839-1100
ed@waddeyacheson.com
Counsel for Plaintiff MagBag LLC

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2026, a true and correct copy of the foregoing Motion has been filed electronically with the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ G. Edward Powell III*
G. Edward Powell III